UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STRIKE 3 HOLDINGS, LLC**, a limited
liability company,

    **Plaintiff,**

v.                                        Case No. 8:22-cv-2929-TPB-AAS

**JOHN DOE,** subscriber assigned
**IP address 65.33.160.57**, an individual,

    **Defendant.**
_____/

# **AMENDED ORDER**[1]

In this copyright infringement case, Plaintiff Strike 3 Holdings, LLC (Strike 3) alleges John Doe (Doe), an unnamed defendant, unlawfully reproduced and distributed Strike 3's copyrighted adult films. (Doc. 1). Strike 3 moves for leave to serve a third-party subpoena on Doe's Internet Service Provider (ISP), Charter Communications, Inc./Spectrum, to learn Doe's identity prior to a Rule 26(f) conference. (Doc. 7).

Under Rule 26(f), parties must confer as soon as practicable before a scheduling conference is held or a scheduling order is due. Fed. R. Civ. P. 26(f)(1). Typically, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), unless authorized by court

---

[1] Amended to include the defendant's correct ISP.

1

order. Fed. R. Civ. P. 26(d)(1). A court may authorize early discovery for the convenience of the parties or witnesses and in the interests of justice. Fed. R. Civ. P. 26(d)(2). "Courts who have dealt with [motions for early discovery] generally consider whether a plaintiff has shown 'good cause' for the early discovery." *Nu Image, Inc. v. Does 1-3*, 932, No. 11-cv-545-FtM-29SPC, 2012 WL 1623862, at * 2 (M.D. Fla. May 9, 2012) (citation and quotations omitted); *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008). "In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 15-cv-507-T-36EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015) (citation omitted).

Strike 3 has shown good cause for expedited discovery. First, Strike 3 alleges a concrete prima facie case of infringement. The complaint states that Strike 3 holds copyrights for twenty-eight adult films that Doe, using the BitTorrent protocol, copied and distributed without permission or authority. *See* (Doc. 1, Ex. A). A forensic investigation reasonably confirms that Doe's IP

2

address was being used on the BitTorrent peer-to-peer network to reproduce and distribute Strike 3's copyrighted work. (Doc. 1, ¶ 28). Second, Strike 3 clearly identified the specific information sought through early discovery: Doe's name and address. (Doc. 7, p. 2). Strike 3 needs this information for service of process. Finally, Strike 3 has shown it has no way to obtain Doe's identity using his IP address, other than to request Doe's identity from Charter Communications, Inc./Spectrum, Doe's ISP. (*Id.* at pp. 9–10). In similar situations, other courts have concluded there is good cause for limited, early discovery. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 8:15-cv-2314-T-17TBM, 2015 WL 12856086, at *1-2 (M.D. Fla. Nov. 6, 2015) (granting early discovery under nearly identical circumstances); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-2648(VEC), 2019 WL 78987, at *3-4 (S.D.N.Y. Jan. 2, 2019) (denying the defendant's motion to quash third party subpoena that the plaintiff served on defendant's ISP to obtain the defendant's name and address).

Accordingly, it is **ORDERED**:

1. Strike 3's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Doc. 7) is **GRANTED.**

2. Strike 3's may serve Doe's ISP with a Rule 45 subpoena to determine the name and address of the person to whom Charter Communications, Inc./Spectrum assigned the IP address 65.33.160.57. Strike

3 may also serve a Rule 45 subpoena on any other ISP that the response to the initial subpoena may identify.

3. Strike 3 must attach a copy of the complaint and exhibits and this order to any subpoena.

4. Any ISP that receives a subpoena under this order must assess no charge to Strike 3 before providing the information requested; however, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any ISP that receives a subpoena under this order must preserve all subpoenaed information pending the ISP delivering such information to Strike 3 or the final resolution of a motion to quash the subpoena.

6. Strike 3 may use information disclosed to it in response to a subpoena solely to protect and enforce Strike 3's rights as stated in its complaint.

7. Once Strike 3 discovers Doe's identity, and at least fourteen days before requesting the Clerk issue a summons for the identified the defendant, Strike 3 must notify the defendant (or counsel, if represented) of Strike 3's intent to name and serve the defendant.

**ORDERED** in Tampa, Florida on March 3, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge